# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 865 | **DATE** | 10/4/2010 |
| **CASE TITLE** | Gloria Golden vs. The Guardian Life Insurance Company of America | | |

**DOCKET ENTRY TEXT**

Motion by Plaintiff to alter judgment [56] is denied.

*Charles R. Norgle*

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Gloria Golden's ("Golden") motion to alter or amend the Court's Order of June 1, 2010, in which the Court upheld Defendant Guardian Life Insurance's ("Guardian") decision to deny Golden's claim for disability benefits. Golden now takes issue with the Court's decision to apply the arbitrary and capricious standard when it reviewed Guardian's decision. For the following reasons, the motion is denied.

Golden at all relevant times worked for IMS Engineered Products as a production control planner. Incident to the job, she received coverage under a disability and benefit plan (the "Plan") that Guardian underwrote and administered. The Plan contained a discretionary clause that conferred to Guardian complete discretionary authority to determine eligibility and to construe the Plan's terms. The Plan was amended on December 1, 2006 by a document titled, "Employer Rider." The Rider listed a retroactive effective date of February 1, 2003 and contemplated various additions to the group policy. In 2007 Golden stopped working because of knee pain secondary to osteoarthritis. Guardian provided her with disability benefits until October 28, 2007, when it determined that she was capable of performing her job. As such, Guardian denied her claim for disability benefits. Golden challenged Guardian's position, and when Guardian continued to deny her disability, she turned to this Court for relief.

Ultimately the Court upheld Guardian's decision, having reviewed the decision under the arbitrary and capricious standard. In doing so, the Court rejected Golden's argument that the Court should have applied a de novo standard because the parties' renewed the Plan after the Illinois Department of Insurance (the "Department") issued a regulation that prohibited discretionary clauses in insurance contracts. ILL. ADMIN. CODE tit. 50 § 2001.3 (2005). The Court found that the parties did not "renew" the Plan, as Golden suggested. They merely amended it, which meant that the Plan had an effective date that was prior to the Department's non-retroactive regulation. One item that made this clear, the Court found, was the Employer Rider's retroactive effective date of February 1, 2003. In this light, the Court sided with Guardian and upheld the company's decision.

## STATEMENT

A Rule 59(e) motion is sufficient if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence that clearly establishes a manifest error of law or fact. In re Prince, 85 F.3d 314, 324 (7th Cir. 1996). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors and thus avoid unnessary appellate procedures. Divane v. Krull Elec. Co., 194 F.3d 845, 848 (7th Cir. 1999). A Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (citing Anderson v. Flexel, Inc., 47 F.3d 243, 247-48 (7th Cir. 1995)). Moreover, Rule 59(e) is not a vehicle for the losing party to present factual matters that were previously unavailable, which he or she failed to bring to the Court's attention. Id. Rule 59(e) simply allows the Court to correct manifest errors before the case proceeds to the appellate phase. See Sosebee v. Astrue, 494 F.3d 583, 589 (7th Cir. 2007).

Initially, the Court notes that Golden's arguments in support of her motion present nothing new or unique. Golden either made these arguments once before, or she could have made these arguments when she contested Guardian's motion for summary judgment. This alone is grounds for denying the instant motion. See DalPozzo v. Basic Mach. Co., 463 F.3d 609, 615 (7th Cir. 2006) (noting that motions pursuant to Rule 59(e) are not vehicles to rehash old arguments, nor is it proper to present new allegations or legal theories that could have been presented earlier). Nevertheless, in an abundance of caution the Court shall consider the issue that Golden raises.

Again, in support of her motion, Golden maintains that the Court erred when it applied the arbitrary and capricious standard as it reviewed Guardian's decision. Her primary contention is a familiar one – that the parties *renewed* the benefits Plan, and thus created a new contract that was subject to the Department's regulation against discretionary clauses. The Court disagrees. As the Court stated previously, the Plan in this case was not subject to the Department's regulation because the Plan was *issued* prior to the regulation's effective date; it was not *renewed* as Golden suggests. And, the amendment that Golden relies upon in support of her assertion contains an effective date of two years prior to the Department's regulation. There is no evidence to refute this fact. For insurance plans issued prior to the effective date, the bar on discretionary clauses does not apply. Marszalek v. Marszalek Plan, 485 F. Supp. 2d 935, 938-39 (N.D. Ill. 2007); Guerrero v. Hartford Fin. Servs. Group., No. 05 C 2787, 2006 WL 1120526, at *7 n.3 (N.D. Ill. Apr. 26, 2006); Williams v. Group Long Term Disability Ins., No. 05 C 4418, 2006 WL 2252550, at *3 (N.D. Ill. Aug. 2, 2006). Accordingly, Plaintiff's motion to alter or amend the Court's Order is denied.
IT IS SO ORDERED.

2010 OCT -5 AM 9:39
U.S. DISTRICT COURT